STATE, Respondent, v. MAGNUSON, Appellant.

(191 N. W. 460.)

(File No. 5143.    Opinion filed December 30, 1922.)

1. **Criminal Law—Court Rules—Trial—Constitutional Law—Opening Statement—Where Record Does Not Show Accused Was Compelled to Make Opening Statement of Case, Held, Accused Not Prejudiced by Court's Request to Do So.**

    Trial Court Rule No. 24, Subd. "a," providing that the prosecution shall read the information, state the plea, and outline the evidence relied on by it, and subdivision "b," providing defendant prior to the introduction of the state's evidence "must then state to the jury the nature of the evidence upon which he will rely," is merely a rule properly prescribing the order of procedure, and does not compel defendant to make a statement; hence violates no constitutional rights.

2. **Criminal Law—Appeal and Error—Assignment of Error—Opening Statement—Alleged Error as to Time Opening Statement Was Required Not Sustainable in Absence of Evidence That Any Statement Was Made.**

    An assignment of error that the court required defendant to make his opening statement to the jury before the state put in its evidence could not be sustained, if alleging error, where the record did not show that defendant made an opening statement at any time.

3. **Larceny—Indictment and Information—Information Held to Allege Commission of Grand Larceny.**

    An information alleging that on the 13th day of July, 1921, accused did steal, take, and carry away articles therein enumerated is not subject to the criticism that it does not allege commission of grand larceny, where, although the value of each article listed separately be insufficient, the aggregate value of all articles enumerated is in excess of the necessary value to constitute the crime of grand larceny, and the information reasonably implies that all the articles were taken at the same time.

4. **Witnesses—Prosecuting Attorney—Attorneys—Court Rules—Testifying of Prosecuting Attorney as to Confession and Conducting of Trial Simultaneously Held Not Error.**

    Accused having made a confession to prosecuting attorney, it was not error, under trial rule 29, to permit him to testify and conduct the case; it being necessary for him to take the stand and testify to such confession in the absence of a provision of law for any one else to conduct the trial.

5. **Criminal Law—Evidence—Confessions—Where From the Record Confession Was Made Voluntarily and Freely, An Objection That It Was Improperly Obtained Not Sustainable.**

Where from the record the confession of one charged with grand larceny appears to have been made freely and voluntarily and without any threats or offers of any inducements by any one, the objection to its introduction on the ground that it was obtained by improper means cannot be sustained.

6. **Criminal Law—Trial—Evidence—Sustaining of Objection to Offer of Proof Held Not Prejudicial Where Accused by Other Testimony Had Benefit of Matter Contained in Rejected Offer.**

Where accused in a prosecution for larceny offered to testify that one C. had told that he, C., had taken the property described in the information from the owner and hidden it in a cornfield, held, accused was not prejudiced by the ruling sustaining the objection to the offer where he testified substantially to all things that were included in his offer, and C., in rebuttal, denied the statements attributed to him.

7. **Criminal Law—Appeal and Error—Instructions—Trial—Request For Instructions—Not Error to Fail to Give Certain Instructions Where Appellate Court Has No Evidence That it Was Necessary, and Accused Did Not Request It.**

Where from absence of evidence the appellate court cannot determine whether an instruction as to what was necessary under the information to convict of grand larceny was essential, and where accused did not request it, held, failure to give the instruction cannot be deemed error.

8. **Criminal Law—Trial—Instructions—Court Rules—Exceptions—Objection on Appeal That Instructions Were Defective Held Not Effective Here Court's Report Showed No Exceptions Taken.**

Contention that the court did not comply with trial rules 25 and 26 in settling the instructions, but read to the jury a set of instructions that had been used in another case that had not been reduced to writing and submitted to accused as required, held, not sustainable where court's certificate to the settled record recited that such instructions were adopted by the court from another case of identically the same nature against defendant, and, without objection by counsel or request for instructions, were properly changed and taken down by the reporter and handed to the jury, and that no exceptions were taken.

Gates, P. J., concurring specially.

Appeal from Circuit Court, Davison County; HON. FRANK B. SMITH, Judge.

Martin Magnuson was convicted of grand larceny, and appeals. Affirmed.

*Spangler & Wire,* of Mitchell, for Appellant.

*Roscoe Satterlee,* State's Attorney, of Mitchell, and *Byron S. Payne,* Attorney General, for Respondent.

(1) and (2)  To points one and two of opinion, Appellant cited: 59 L. R. A. 465, note; 8 L. R. A. (N. S.) 762; Boyd v. United States, 116 U. S. 616, 29 L. Ed. 746.

Respondent cited: State v. Bateman (Ia.), 3 N. W. 190.

(3)  To point three, Appellant cited: State v. Bliss, 68 Pac. 87; Joslyn v. State, 27 N. E. 492; State v. Clark, 80 Pac. 101; State v. Stevens, 33 N. D. 540.

Respondent cited: People v. Whiteman (Ill.), 90 N. E. 924; 25 Cyc. 86; Furnace v. State, 54 N. E. 441; State v. Kieffer (S. D.), 95 N. W. 289.

(5)  To point five, Appellant cited: Rice on Evidence, page 503; People v. Rodrignez, 10 Cal. 50; People v. Ah How, 34 Cal. 663; Coffee v. State, 25 Fla. 501; Murray v. State 25 Fla. 528; People v. Bennett, 37 N. Y. 117; Heldt v. State, 20 Neb. 492; Am. Rep. 835; People v. Barrie, 49 Cal. 345; People v. Jim Fi, 32 Cal. 60; State v. Staly, 14 Minn. 105; State v. Ostrander, 18 Iowa 435; Price v. State, 19 Ohio 423; Kelley v. State, 72 Ala. 244; Best on Ev., Sec. 557; State v. Andrews, 58 Pac. 765.

Respondent cited: 16 C. J. 630; Commonwealth v. Callahan, 108 Mass. 421; Kirk v. State, 120 S. W. (Tex.) 436; Note to 50 L. R. A. (N. S.) 1084.

(8)  To point eight, Appellant cited: Trial Court Rules Nos. 25-26; Bank v. Milling Co., 185 N. W. 370; Same on rehearing, 185 N. W. 560.

Respondent cited: Weibel v. Gardner (S. D.), 187 N. W. 629.

POLLEY, J.  Appellant was convicted of the crime of grand larceny and appeals.

Appellant's first assignment is based upon alleged violation of his constitutional rights, in that the court required him to make his opening statement to the jury before the state had put in its evidence.

[1, 2]  Subdivision "a" of trial court rule 24 requires that the state's attorney at the opening of a criminal case shall read the information to the jury, state the plea of the defendant, and

briefly outline the evidence upon which he expects to secure a conviction. Subdivision "b" of said rule provides that:

"The defendant or his counsel must then state to the jury * * * the general nature of the evidence upon which he will rely for defense."

Appellant in his brief says:

"A defendant cannot be compelled to go upon the witness stand and testify, nor can he be compelled to furnish evidence against himself; neither can he be compelled to plead. It seems to be the policy of the law and of all constitutional and statutory provisions that, the defendant being presumed to be innocent until he is proven guilty beyond a reasonable doubt, he has a right to keep silent and to refuse to furnish to the state any assistance in convicting him."

This we believe to be a correct statement of the legal and constitutional rights of a defendant in a criminal case, but this does not imply that rule 24 invades such rights. In the first place, this rule goes only to the matter of the order of the procedure in a criminal case. The opening statement by the state's attorney should correctly outline the theory of the prosecution and also the general nature and character of the evidence he expects to offer. This will inform the defendant of what he will be called upon to meet. With this rule in view there is no reason why the defendant should not be required to make his opening statement, if he makes an opening statement at all, prior to the introduction of the state's evidence. Such a statement will aid the trial court in ruling upon the admissibility of the evidence. Of course, the defendant cannot be compelled to make any statement at all any more than he can be compelled to go upon the witness stand and testify if he does not elect so to do, and the above rule does not require him to do so. The record does not show that the defendant was compelled to make an opening statement before the state's case was put in, nor that he made a statement at any time. Therefore he was not prejudiced by what was done by the trial court relative to such statement.

[3] Appellant objected to the introduction of any testimony on the ground that the information does not state facts sufficient to constitute a public offense; this for the reason that the subject of the larceny as charged in the information consists of four sep-

arate and distinct articles. The value of each article is separately stated. Neither of said articles is of sufficient value to be the subject of grand larceny, though the aggregate value of all the articles enumerated is considerably in excess of the necessary value; and it is claimed by appellant that it does not appear from the information that all of the alleged stolen articles were taken at the same time; therefore said articles may have been taken at different times, and the taking of each constitutes only a petit larceny. The information is not subject to this criticism. It alleges that on the 13th day of July, 1921, in the county of Davison, the defendant did steal, take, and carry away the articles therein enumerated. This reasonably implies that all the articles were taken at the same time, certainly it does not indicate that they were taken at different times.

[4] At the trial the state's attorney took the witness stand for the purpose of testifying to an alleged confession made to him by the defendant. The defendant objected to the "state's attorney testifying and conducting the case." There was no error in permitting the state's attorney to testify. Trial rule 29.

[5] The defendant having made a confession to the state's attorney, and there being no provisions made for any one else to conduct the trial, it was necessary for the state's attorney to take the stand and testify to such confession. The testimony of the state's attorney was further objected to on the ground that the confession to which he testified was obtained by improper means. There is nothing in the record to warrant this objection. The confession appears to have been made freely and voluntarily and without any threats or the offer of any inducements by any one.

[6] The appellant offered to testify that one George Cooper had told him that he (Cooper) had taken the property described in the information from the owner thereof and hidden it in a cornfield. This was objected to on the ground that it was irrelevant, immaterial and incompetent, that it was hearsay, and that it was self-serving. The testimony of the appellant is not set out in the record, but it is made to appear that appellant did testify to substantially all that is included in the offer, and that the said George Cooper was called to the stand by the state in rebuttal and denied having made the statement attributed to him by the

appellant.   Appellant had the benefit of all he offered to prove and was not prejudiced by the ruling complained of.

[7]   Appellant contends that the court erred in failing to instruct the jury that under the information it was necessary, in order to convict the appellant of grand larceny, to find that all of the articles described in the information were taken at the same time and place, or at least that more than $20 worth of such articles were taken at the same time and place.   In the absence of the evidence we cannot say whether this instruction was necessary for the protection of the appellant's rights, and certainly, under the circumstances as disclosed by the record in this case, the judgment should not be reversed for failure to give this instruction where it was not requested by the appellant.

[8]   Appellant contends that he is entitled to a reversal because the court did not comply with trial rules 25 and 26 in settling the instructions; that the court read to the jury a set of instructions that had been used in another case; that they had not been reduced to writing and submitted to counsel as required by the rule.   The manner of preparing and giving the instruction complained of is set out in the court's certificate to the settled record and is as follows:

"The foregoing instructions had been reduced to writing in longhand by the court, and had been settled, adopted and type-written, copies of same made by the court reporter, and were read and given to the jury in the trial of this defendant upon a charge of larceny of identically the same nature and character, except as to the description and name of the owner of the property, tried immediately preceding this trial, and the same attorneys represented the defendant in both cases and had full knowledge of the contents of this proposed charge when the same was proposed to be used in this case, and at the close of the testimony the court stated to the counsel that, as no request had been made for any instruction by either side, it would propose the same charge in this case that was given in the other case, with the exception of the description and name of the owner of the property, and, there being no objections or exceptions taken to the same, the said charge was adopted and read to the jury.   No demand was made by the defendant for a copy of the proposed charge nor any objections to the above procedure; no exceptions taken to

11—Vol. 46, S. D.

the same. And the charge was again taken in shorthand by the court reporter, and a copy of the same was given to the jury on their retirement."

This was a substantial compliance with trial rule 26, and appellant was in no wise prejudiced thereby.

The judgment and order appealed from are affirmed.

GATES, P. J. (concurring). Inasmuch as the record does not show that appellant's attorneys were compelled to, or did, make any opening statement to the jury, I think it entirely unnecessary to say that the defendant in a criminal case may not be compelled to make an opening statement. That matter is not before us. Without expressing an opinion on that question, I concur in the treatment of the other questions discussed.

ANDERSON, J., not sitting.

Note—Reported in 191 N. W. 460. See American Key-Numbered Digest, (1) Criminal Law, Key-No. 699, 16 C. J. Sec. 223; (2) Criminal Law, Key-No. 1119(4), 17 C. J. Sec. 3462; (3) Larceny, Key-No. 31, 35 Cyc. 85-86; (4) Witnesses, Key-No. 68, 40 Cyc. 2234; (5) Criminal Law, Key-No. 519(1), 16 C. J. Sec. 1468; (6) Criminal Law, Key-No. 1170(2). 17 C. J. Sec. 3466; (7) Criminal Law, Key-No. 824(1), 1122(3), 16 C. J. Sec. 2500, 17 C. J. 3466; (8) Criminal Law, Key-No. 1056(1), 17 C. J. 3345.

On sufficiency of description of property in an indictment or information for larceny, see notes in 38 L. R. A. (N. S.) 933 and L. R. A. 1915B, 71.