STATE, Respondent v. STINSON, Appellant

(226 N.W. 2d 155)

(File No. 11360. Opinion filed February 12, 1975)

Charles J. Mickel, Rapid City, for defendant and appellant.

Kermit Sande, Atty. Gen., Robert A. Wichser, Asst. Atty. Gen., Pierre, for plaintiff and respondent.

WOLLMAN, Justice.

Defendant was found guilty by a jury on a charge of grand larceny arising out of the theft of a chain saw. His appeal is based upon two contentions: (1) that the trial court erred in refusing to suppress testimony concerning the pretrial identification of the defendant, and (2) that the trial court erred in not giving an identification instruction which emphasized the need for finding that the circumstances of identification were convincing beyond a reasonable doubt. Finding no merit in either of these contentions, we affirm the conviction.

As he was returning to his sporting goods store on Main Street in Rapid City, South Dakota, shortly before noon on February 16, 1973, Mr. Zoel L. Couture observed defendant coming out of the front door of the store carrying a chain saw. Mr. Couture had seen defendant in his store earlier that morning with one Ronald Corbin and had visited with the two men about fishing. The defendant walked in an easterly direction after leaving the store and tried to enter an establishment known as the Golden Horn Bar. Mr. Couture then went into his store, where he observed Ronald Corbin talking with Mrs. Couture, and asked his wife whether she had sold a chain saw in his absence. Upon being informed that she had not, Mr. Couture checked the display in the front window and observed that one of his chain saws was missing. As Mrs. Couture called the police, Mr. Couture observed defendant walking past the store in a westerly direction. Mr. Couture went out the front door and attempted to apprehend defendant but was unable to find him. A short time later the police arrived and in a subsequent search of an adjacent business place found the chain saw in question.

Mrs. Couture testified that defendant and Ronald Corbin had come into the store on two occasions on the morning of February 16, 1973. During his second visit, defendant left the store as Mrs. Couture was getting some fishing weights for Ronald Corbin.

The trial court denied defendant's pretrial motion to suppress after reviewing the transcript of the preliminary hearing, defendant not having brought the motion on for formal hearing and the

taking of any additional testimony. There was some testimony at the preliminary hearing to the effect that the police officers had brought defendant back to the scene and that a face-to-face confrontation had occurred between Mr. Couture and the defendant at that time.

■ When viewed in the totality of the circumstances, the pretrial identification by Mr. Couture of defendant was not so unnecessarily suggestive and conducive to irreparable mistaken identification that defendant was denied due process of law. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; State v. Iron Shell, 86 S.D. 100, 191 N.W.2d 803. Mr. Couture observed defendant on two separate occasions prior to any face-to-face confrontation with defendant after defendant's apprehension. On the first of these occasions, Mr. Couture in fact spoke with defendant and his companion. On the second occasion, Mr. Couture had an unrestricted view of defendant in broad daylight at a relatively close distance. He was able to describe in detail the type of coat that defendant was wearing and the manner in which defendant was carrying the chain saw. Mr. Couture was wearing his eyeglasses at the time he observed defendant.

With respect to his contention that the trial court erred in not giving the jury a special instruction on the issue of identification, defendant argues that this court should follow the approach taken in the case of United States v. Telfaire, 152 U.S. App.D.C. 146, 469 F.2d 552, wherein the Court of Appeals for the District of Columbia set forth a model instruction on identification and stated that "* * * a failure to use this model, with appropriate adaptations, would constitute a risk in future cases that should not be ignored unless there is strong reason in the particular case." 469 F.2d 552, 557.

■ Defendant neither requested any special instruction on identification nor specifically objected to any of the instructions proposed by the court.* Thus it was not error for the court to fail to give the instruction which defendant now contends should have been given. State v. Nelson, 80 S.D. 574, 129 N.W.2d 54;

---

* Defendant's present counsel did not represent him at trial.

State v. Flack, 77 S.D. 176, 89 N.W.2d 30; State v. Magnuson, 46 S.D. 156, 191 N.W. 460. We note that in the Telfaire case, supra, no request for a special identification instruction had been made by the defendant; the court held that in the light of all of the circumstances, including the fact the victim had had an adequate opportunity to observe the defendant, the absence of such a special identification instruction did not prejudice defendant's defense.

In holding that the trial court did not err in failing to give, *sua sponte,* a special identification instruction, we do not mean to say that such an instruction, whether based upon the model special instruction set forth in the Telfaire case, supra, or an adaptation thereof, would not be proper when warranted by the circumstances of the case and when timely requested by counsel.

The conviction is affirmed.

All the Justices concur.