THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOSEPH WHITE, JR., Defendant-Appellant.

Fourth District   No. 14574

Opinion filed March 31, 1978.

Richard J. Wilson and Gregory K. Harris, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (Robert C. Perry and Robert J. Biderman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

In appealing his conviction for armed robbery, defendant Joseph White, Jr., requests that we follow the rule of *United States v. Telfaire* (D.C. Cir. 1972), 469 F.2d 552, and require that in criminal cases such as this, where conviction hinges upon identification of the accused, a comprehensive instruction be given explaining the importance of accurate identification, emphasizing that the circumstances of identification should be studied and mandating acquittal if identification is not proved beyond a reasonable doubt.

Defendant also requests that in cases where, as here, the identification is made by witnesses of a different race than that of the accused, we require the giving of an instruction explaining the difficulty of making an accurate identification but also explaining that certain factors may overcome that

difficulty. Such an instruction was recommended by the concurring opinion of Judge Bazelon in *Telfaire.*

Defendant's armed robbery conviction was entered by the circuit court of Sangamon County after a jury trial. A sentence of 4 to 10 years of imprisonment was then imposed and ordered to be served concurrently with another sentence defendant was then serving. The armed robbery occurred in a tavern around closing hours. Only the manager and an employee were present. Both identified the defendant as one of the robbers. Upon appeal, defendant's sole claim of error is the trial court's refusal to give his two tendered instructions in the form of those required in *Telfaire* and recommended in Judge Bazelon's concurrence.

These two instructions were drafted verbatim from the opinion and concurrence. The opinion laid great stress upon the importance of protecting an accused from the prejudice that arises from a faulty identification. It concluded that the requirement for the comprehensive identification instruction was a continuation of the philosophy of *United States v. Wade* (1967), 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926; *Gilbert v. California* (1967), 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951; *Stovall v. Denno* (1967), 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967. The *Telfaire* requirement for the comprehensive instruction on identification has been substantially approved in several States (*State v. Stinson* (S.D. 1975), 226 N.W.2d 155; *State v. Benjamin* (1967), 330 Conn. Supp. 586, 363 A.2d 762; *State v. Calia* (1973), 15 Ore. App. 110, 514 P.2d 1354) and various Federal circuits including the Seventh (*United States v. Hodges* (7th Cir. 1975), 515 F.2d 650). No case requiring the giving of the instruction on interracial identification has been called to our attention.

On the other hand, Illinois Pattern Jury Instructions, Criminal, No. 3.15 (1968) (hereinafter IPI Criminal) recommends that no specific instruction on the subject of identification be given. It concludes that the subject of weighing the testimony of an identification witness is sufficiently covered by IPI Criminal No. 1.02, a general instruction on the credibility of witnesses. In *People v. Fox* (1971), 48 Ill. 2d 239, 269 N.E.2d 720, the refusal of an instruction on the issue of identification was ruled to be proper although the identification of the defendant was a key issue in the case. There, as here, the court gave IPI Criminal Nos. 1.02 and 2.03, the latter discussing the presumption of innocence. In *People v. Attaway* (1976), 41 Ill. App. 3d 837, 354 N.E.2d 448, the refusal to give the *Telfaire* instruction was held to be proper when IPI Nos. 1.02 and 2.03 were given.

■■■ We agree with *Attaway.* Supreme Court Rule 451(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 451(a)) requires that IPI Criminal instructions be used when applicable and that when no such instruction is applicable, the instruction given should be "simple, brief, impartial and free from

argument." The proposed instructions are at odds with the basic tenets of IPI Criminal. We agree with IPI Criminal No. 3.15 that discussion of the factors involved in accurate identification is better left to argument than to instructions.

The trial court properly refused the two instructions. The conviction and sentence are affirmed.

Affirmed.

CRAVEN and REARDON, JJ., concur.