(No. 48899.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. DAVID FRANCIS TRINKLE, Appellee.

*Opinion filed Oct. 5, 1977.—Rehearing denied Nov. 23, 1977.*

William J. Scott, Attorney General, and C. Joseph Cavanagh, State's Attorney, both of Springfield (James B. Zagel and Jayne Carr, Assistant Attorneys General, of

Chicago, and Robert C. Perry, of the Illinois State's Attorneys Association Statewide Appellate Assistance Service, of Springfield, of counsel), for the People.

James Geis, Deputy Defender, of the Office of the State Appellate Defender, and Richard J. Geddes, Assistant Appellate Defender, of Chicago, for appellee.

MR. JUSTICE DOOLEY delivered the opinion of the court:

Here the issue is whether a specific intent is requisite for the crime of attempted murder under the Criminal Code of 1961.

On February 28, 1974, the defendant drank 20 to 30 glasses of beer in Suppan's Tavern. The bartender, believing defendant to be intoxicated, refused him further service. After consuming more drinks in another bar, defendant purchased a .357 handgun. He returned to the area of Suppan's Tavern, fired a shot at the building, and wounded a patron within. He was indicted and convicted of the crime of attempted murder (Ill. Rev. Stat. 1973, ch. 38, pars. 8—4, 9—1). The appellate court held that a specific intent is an indispensable element to this crime, and hence the indictment and instructions relating to this crime were fatally erroneous. 40 Ill. App. 3d 730.

Since the jury was instructed on aggravated battery the appellate court, pursuant to Rule 615(b)(4) (58 Ill. 2d R. 615(b)(4)), modified the judgment to aggravated battery and reduced the sentence from an indeterminate term of 1 to 5 years to a minimum of 1 year and a maximum of 3 years. We granted the petition for leave to appeal pursuant to Supreme Court Rule 315 (58 Ill. 2d R. 315).

The indictment charged:

"David Francis Trinkle committed the offense of ATTEMPT (MURDER) in that said defendant did per-

form a substantial step toward the commission of that offense in that he did without lawful justification shoot Gayle Lane with a gun knowing that such act created a strong probability of death or great bodily harm to Gayle Lane or another ***."

The jury was instructed:

"A person commits the crime of attempt who, with intent to commit the crime of murder, does any act which constitutes a substantial step toward the commission of the crime of murder.

The crime attempted need not have been committed."

"A person commits the crime of murder who kills an individual if, in performing the acts which cause the death he knows that such acts create a strong possibility of death or great bodily harm to that individual or another."

"To sustain the charge of attempted murder, the State must prove the following propositions:

First: That the defendant performed the acts which caused the injury of Gayle E. Lane;

Second: That when the defendant did so, he knew that his act created a strong probability of causing death or great bodily harm to Gayle E. Lane, or another;

Third: That the defendant was then capable of acting knowingly and intentionally.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty."

The contradiction between the instructions is patent. Only the first exacts the "intent" to commit the crime of murder. The other two define the offense as performing an act with the knowledge that such "created a strong possibility of death or great bodily harm." The first is admittedly correct; it is at loggerheads with the other two.

The Criminal Code of 1961 provides:

"A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense." Ill. Rev. Stat. 1973, ch. 38, par. 8—4(a).

"(a) A person who kills an individual without lawful justification commits murder if, in performing the acts which cause the death:

\*\*\*

(2) He knows that such acts create a strong probability of death or great bodily harm to that individual or another; \*\*\*." Ill. Rev. Stat. 1973, ch. 38, par. 9—1(a)(2).

The State would urge that actual intention to kill is not a requisite mental state for attempted murder, and it suffices so long as the accused acted with such disregard of human life knowing his conduct created a strong probability of bodily harm.

Here, under the terms of the indictment as well as the instructions, the jury could have found the defendant guilty of attempted murder sans specific intent to kill. So long as he shot a gun "knowing such act created a strong probability of death or great bodily harm to Gayle Lane or another," the defendant could be guilty of attempted murder. But the General Assembly has exacted that the defendant must be guilty of an action "with intent to commit a specific offense" (Ill. Rev. Stat. 1973, ch. 38, par. 8—4(a)), namely, to kill. Hence the indictment and the instructions did not meet the criterion of the law. It is not sufficient that the defendant shot a gun "knowing such act created a strong probability of death or great bodily harm to Gayle Lane or another." If this were the test, then a defendant who committed a battery with knowledge that such conduct could cause great bodily harm would be guilty of attempted murder. But, in law, he would be guilty of aggravated battery, a completely different offense with a different penalty.

Aggravated battery is defined in the Criminal Code of

1961 (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(a)) in these terms:

> "(a) A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery."

Absent the specific intent to commit a specific offense, the crime of attempted murder and other forcible felonies, such as burglary, robbery or rape, could be commingled. It must be remembered that "[t]here is no such criminal offense as an attempt to achieve an unintended result." *People v. Viser* (1975), 62 Ill. 2d 568, 581.

So also the penalty aspect is relevant. Attempted murder is punishable by incarceration for an indeterminate period, and aggravated battery has a possible penalty of 10 years (Ill. Rev. Stat. 1975, ch. 38, pars. 8—4(c)(1), 12—4(d), 1005—8—1(b)(2), (b)(4)). The far more severe penalty for attempted murder puts in focus the materiality of the mental state of the accused. Attempted murder requires a specific intent to commit murder, not some other offense.

Felony murder, unlike attempted murder, does not require an intent to kill. (*People v. Viser* (1975), 62 Ill. 2d 568, 582.) The argument of the State, predicated as it is upon a commingling of the two offenses, cannot be sustained.

Our position here is consistent with *People v. Viser* (1975), 62 Ill. 2d 568. There a conviction of attempted murder was reversed for failure of the indictment to charge "an attempt to commit a specific offense." This court stated:

> "The third alternative in these counts of the indictment was erroneously included in a charge of attempted murder. There can be no felony murder where there has been no death, and the felony murder ingredient of the offense of mur-

der cannot be made the basis of an indictment charging attempt murder. Moreover, the offense of attempt requires 'an intent to commit a specific offense' (Ill. Rev. Stat. 1973, ch. 38, par. 8—1), while the distinctive characteristic of felony murder is that it does not involve an intention to kill. There is no such criminal offense as an attempt to achieve an unintended result." 62 Ill. 2d 568, 581.

It was there held reversible error to instruct the jury that the defendants could be found guilty of attempted murder without the specific intent, noting that under the terms of the instructions the defendants could have been found guilty of attempting to murder the deceased if the jury believed the defendants had committed an aggravated battery upon him.

The requirement that a conviction for attempted murder must be based on a charge and upon evidence that defendant had the intent to take a life is followed in many jurisdictions. See, *e.g., People v. Miller* (1935), 2 Cal. 2d 527, 42 P.2d 308; *Thacker v. Commonwealth* (1922), 134 Va. 767, 114 S.E. 504; Annot., 54 A.L.R.3d 612 (1973); Smith, *Two Problems in Criminal Attempts,* 70 Harv. L. Rev. 422, 429 (1957); W. LaFave and A. Scott, Criminal Law sec. 59, at 428-29 (1972); Perkins, Criminal Law sec. 3, at 573-74 (2d ed. 1969).

In *Thacker v. Commonwealth* (1922), 134 Va. 767, 114 S.E. 504, defendant and two companions were standing outside a tent which was, as defendant knew, occupied by a woman. Stating that he wanted to shoot out a lamp which was burning inside, defendant fired a gun into the tent, narrowly missing the occupant. Defendant's conviction for attempted murder was reversed for lack of proof of specific intent to kill. The court said: "And where it takes a particular intent to constitute a crime, that particular intent must be proved either by direct or

circumstantial evidence ***." (134 Va. 767, 770, 114 S.E. 504, 505.) The court also went on to quote from 1 Bishop, Criminal Law sec. 730 (8th ed.), as follows: " '*** Thus *** to commit murder, one need not intend to take life, but to be guilty of an attempt to murder, he must so intend. ***' " There the facts are, of course, stronger against the defendant than here, where there is no evidence that this defendant knew someone was standing behind the door to the bar. 134 Va. 767, 771, 114 S.E. 504, 506.

LaFave and Scott (Criminal Law sec. 59, at 428-29 (1972)) point out how in the crime of attempted murder there must be a specific intent to commit the specific offense, unlike the crime of murder, which does not exact that specific intent:

> "Some crimes, such as murder, are defined in terms of acts causing a particular result plus some mental state which need not be an intent to bring about that result. Thus, if *A, B,* and *C* have each taken the life of another, *A* acting with intent to kill, *B* with an intent to do serious bodily injury, and *C* with a reckless disregard of human life, all three are guilty of murder because the crime of murder is defined in such a way that any one of these mental states will suffice. However, if the victims do not die from their injuries, then only *A* is guilty of attempted murder; on a charge of attempted murder it is not sufficient to show that the defendant intended to do serious bodily harm or that he acted in reckless disregard for human life. Again, this is because intent is needed for the crime of attempt, so that attempted murder requires an intent to bring about that result described by the crime of murder (i.e., the death of another)."

To obtain a conviction on the charge of attempted murder, the indictment must charge a specific intent to commit the specific offense, and the jury must be accordingly instructed.

For the reasons expressed here, the judgment of the appellate court is affirmed.

*Judgment affirmed.*