THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BARBARA HAAR, Defendant-Appellant.

Fifth District    No. 78-113

Opinion filed August 29, 1979.

JONES, P. J., dissenting.

Michael J. Rosborough and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, and E. Joyce Randolf, law student, for appellant.

Patrick J. Hitpas, State's Attorney, of Carlyle (Raymond F. Buckley, Jr., and Curtis L. Blood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant Barbara Haar appeals from a judgment of the circuit court of Clinton County entered on a jury verdict finding her guilty of the crime of attempted murder.

Appellant first contends that she was not proven guilty beyond a reasonable doubt because the State did not prove that she was not acting in self-defense when she stabbed James Renth with a knife. There was undisputed evidence that the defendant stabbed Renth with a knife and inflicted rather severe abdominal and chest wounds on him during a brawl when both were guests at a wedding reception. She testified that she stabbed Renth in self-defense. Several witnesses testified on behalf of the State that Renth did not strike or threaten the defendant prior to the stabbing.

Self-defense is almost always a question of fact to be determined by the trier of fact. (*People v. Adams* (1969), 113 Ill. App. 2d 205, 252 N.E.2d

35.) The decision of the jury on the issue of self-defense will not be disturbed unless the evidence is so unreasonable, improbable, or unsatisfactory as to suggest a reasonable doubt. (*People v. Watts* (1968), 101 Ill. App. 2d 36, 241 N.E.2d 463.) Where there is a guilty finding in a case in which self-defense is at issue, a reviewing court will not reverse such determination unless it is so unsatisfactory or improbable as to justify a reasonable doubt of defendant's guilt. (*People v. Adams.*) This was a jury issue.

Defendant also contends that the jury was improperly instructed that if they found the defendant intended to kill or cause great bodily harm, then they could find the defendant guilty of attempted murder.

■■ The trial court gave the following instruction on attempt (murder):

"To sustain the charge of attempt, the State must prove the following propositions:

First: That the defendant performed an act which constituted a substantial step toward the commission of the crime of murder;

Second: That the defendant did so with intent to commit the crime of murder; and

Third: That the defendant was not justified in using the force which she used.

If you find from your consideration of all of the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty."

The trial court also gave the following instruction defining murder:

"A person commits the crime of murder who kills an individual if, in performing the acts which cause the death, she intends to kill or do great bodily harm to that individual."

Appellant contends that the murder instruction confused the jury such that it could find her guilty of attempt if it believed she acted only with the intent to cause James Renth great bodily harm, rather than with the intent to kill him. We agree.

■■ Clearly, Illinois law forbids the commingling of alternative definitions of murder when the crime charged is attempt (murder). This is so because the Illinois Supreme Court in *People v. Harris* (1978), 72 Ill. 2d 16, 377 N.E.2d 28, dealt with instructions very similar to those at hand and held: "An instruction must make it clear that to convict for attempted murder nothing less than a criminal intent to kill must be shown." (72 Ill. 2d 16, 27.) As the crime of attempt by definition is committed only with

the "intent to commit a specific offense * * *" (Ill. Rev. Stat. 1975, ch. 38, par. 8—4(a)), and one commits murder when one "kills an individual without lawful justification * * *" (Ill. Rev. Stat. 1975, ch. 38, par. 9—1(a)), attempt (murder) necessitates *ipso facto* the intent to kill. Any lesser intent, such as to cause great bodily harm short of death, is exclusive of the crime of attempt (murder). The State admits that the jury was improperly instructed, and concurs in appellant's request for a retrial.

■ We note that appellant failed to raise this issue in her post-trial motion, but did raise her objection at the instructions conference. We believe, and the State concurs, that this instructional error was preserved so as not to preclude us from considering it on appeal under these circumstances. The supreme court has already considered this identical question in *People v. Harris* (1978), 72 Ill. 2d 16, 377 N.E.2d 28. In *Harris* the State contended that although the defendant objected to the instruction in question at trial, he did not renew his objection in his post-trial motion. The supreme court held that under these circumstances the error was not waived and remanded the case for a new trial.

Our opinion is not altered by the recent opinion of the supreme court in *People v. Roberts* (1979), 75 Ill. 2d 1, 387 N.E.2d 331. In *Roberts* the defendant failed to raise any objection to an erroneous jury instruction either at his trial for attempted murder or in his post-trial motion. Under these circumstances the supreme court said the error was waived. However, in its opinion, the supreme court placed great significance on objection during trial, notwithstanding its absence in the post-trial motion. Discussing that particular issue separately, the court stated:

"In a sense, every error in the giving of an instruction impinges upon the right of a party to a fair trial. For this reason, *when the instruction is objected to and the error called to the court's attention*, the giving of an erroneous instruction *over an objection* will warrant the reversal of a conviction and the granting of a new trial. However, in the absence of such an objection the defects are waived unless they are 'substantial' and the 'interests of justice require' the court to consider them. Nothing in *People v. Harris* (1978), 72 Ill. 2d 16, mandates a different conclusion * * *. Harris, in fact, objected at trial to the instruction but failed to raise the question in his post-trial motion. [Citation.]." (Emphasis added.) 75 Ill. 2d 1, 15.

In *Harris* as well as in *Roberts*, the supreme court clearly acknowledged review of instructional errors when objections are made at trial. We are doing nothing more here. We need not consider this error under the "in the interests of justice" exception to the waiver rule, for the error was adequately preserved for appeal, and by the dictates of the

Illinois Supreme Court, the instruction defining murder given in this cause was erroneous and reversible error.

This being so, the judgment of the circuit court of Clinton County is reversed and this cause is remanded for a new trial. The other assignments of error raised by appellant need not be considered.

Reversed and remanded.

KUNCE, J., concurs.

Mr. PRESIDING JUSTICE JONES, dissenting:

I respectfully dissent.

The error regarding the erroneous instruction has been waived and the majority cannot rely upon *People v. Harris* to hold that it has not been waived.

The majority cites a segment of the supreme court's opinion in *People v. Roberts* which discussed the "waiver" aspect attributable to *Harris*. The citation used by the majority cites *Robinson* completely out of context by straddling and omitting entirely the crucial language which shows *Harris* is not a precedent for the waiver rule. The omitted portion of the citation from *Roberts* is:

> "Although in *Harris* this court discussed instructional error in the context of Rule 451(c), we granted leave to appeal in that case to resolve the attempted-murder problem resulting from our decisions in *People v. Muir* and *People v. Trinkle, and not to deal with the question of waiver.*" (Emphasis added.) 75 Ill. 2d 1, 15, 387 N.E.2d 331, 338.

Refusal of the majority to acknowledge the presence and effect of the quoted language has led to an erroneous result in this case. I would affirm.