Eugene T. NELSON,
Petitioner-Appellant,

v.

James THIERET, Respondent-Appellee.

No. 85–2566.

United States Court of Appeals,
Seventh Circuit.

Argued April 15, 1986.

Decided June 10, 1986.

Steven G. Bailey, Belleville, Ill., for petitioner-appellant.

Marie Quinlivan Gzech, Illinois Atty. Gen. Office, Chicago, Ill., for respondent-appellee.

Before CUMMINGS, Chief Judge and BAUER, Circuit Judge and MAROVITZ, Senior District Judge.*

BAUER, Circuit Judge.

The defendant was convicted after a state bench trial of two counts each of rape, deviate sexual assault and aggravated kidnapping and one count of attempted murder. He received concurrent sentences of 20 years imprisonment for each rape and sexual assault, 10 years imprisonment for each aggravated kidnapping, and 15 years imprisonment for the attempted murder. This appeal is from the federal magistrate's denial of defendant's petition for habeas corpus. We affirm the decision of the magistrate.

## I.

The defendant, Eugene T. Nelson, abducted Burnetta Ingram at gun point as she walked down a street near her home on April 18, 1982. Nelson forced Ingram to accompany him to a nearby vacant building where he raped and sexually assaulted her. Nelson's wallet was later found by a Chicago police officer in the room where the rape and sexual assault occurred. After the rape and sexual assault, Nelson found identification bearing Ingram's address and forced her, again at gun point, to accompany him to her apartment. Upon entering Ingram's apartment, they awakened Ingram's boyfriend, Henry Harris, who had been sleeping on the living room couch. Nelson forced Harris out of the apartment at gun point, and, after Harris had gone, again raped and sexually assaulted Ingram.

After being forced out of the apartment, Harris went to the nearest police station, where the desk sergeant told him to call 911 on a telephone. Harris went to a nearby gas station, called the emergency number, and explained what had occurred at Ingram's apartment. Police were finally dispatched to Ingram's apartment building, where they were met by Harris, who accompanied them to the apartment and supplied them with a key. Officer Pasquale Mattera opened the door to Ingram's apartment, announced that he was a police officer, and ordered Nelson to throw his gun out into the hallway. Nelson had heard the officers approach and was hiding behind the door that Mattera had opened. When Nelson failed to respond, Officers Mattera and Suchanek stepped into the apartment and saw Nelson standing behind the door with a gun pointed at them. Gunfire was exchanged between Nelson and the officers, and Nelson succeeded in forcing the officers back into the hallway and slamming the door shut. After shutting the door, Nelson ran to a window and tossed his gun outside. He then surrendered to

---

* The Honorable Abraham Lincoln Marovitz, Senior District Judge for the Northern District of Illinois, Eastern Division, is sitting by designation.

the police. The gun, containing three spent shell casings, was recovered directly below Ingram's apartment.

## II.

■ Nelson first contends that the state trial court erred in finding him guilty of attempted murder because the state failed to prove specific intent to kill, arguing that the state proved only a disregard for human life.[1] We must determine whether, viewing the evidence in the light most favorable to the state, any rational trier of fact could have found that Nelson had the specific intent to kill Officer Mattera. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). We first note that "[i]ntent is a state of mind and may be inferred from the surrounding circumstances." *People v. Pagliuca*, 119 Ill.App.3d 906, 76 Ill.Dec. 254, 258, 458 N.E.2d 908, 912 (1983). In this case, Nelson was lying in wait for the police officers when they entered Ingram's apartment despite the fact that the officers had identified themselves as policemen and ordered Nelson to surrender his weapon. As they entered the apartment, Nelson raised his gun, pointed it at Officer Mattera, and then fired. We find that a rational trier of fact could have inferred from these circumstances that Nelson intended to kill Officer Mattera, and Illinois case law supports this finding. *See, e.g., People v. Bell*, 113 Ill. App.3d 588, 69 Ill.Dec. 474, 480, 447 N.E.2d 909, 915 (1983) (defendant fired several shots at a crowd in front of a building); *People v. Mimms*, 40 Ill.App.3d 942, 353 N.E.2d 186, 188 (1976) (defendant fired at arresting officers).

Nelson's reliance on *People v. Trinkle*, 68 Ill.2d 198, 12 Ill.Dec. 181, 369 N.E.2d 888 (1977), is misplaced. *Trinkle* reversed a conviction for attempted murder because the indictment did not allege specific intent to kill and the jury instructions on attempted murder required only a finding that the

defendant knew firing his gun at a tavern "created a strong probability of death" to another. Here, the trial judge explicitly found that Nelson had specific intent to kill from the facts.

■ Nelson also disputed the sufficiency of the evidence for every other crime of which he has been convicted. In so doing, he challenges the credibility of Ingram and Harris and interprets the facts in an exculpatory manner. The credibility of a witness, however, is a matter to be determined by the trier of fact, and we must honor the state court's decision to credit the testimony of Ingram and Harris. *See Kennedy v. Fairman*, 618 F.2d 1242 1244 n. 3 (7th Cir.), *cert. dismissed pursuant to Supreme Court Rule 53*, 449 U.S. 939, 101 S.Ct. 339, 66 L.Ed.2d 206 (1980). Moreover, we are required by *Jackson v. Virginia* to interpret the facts in the light most favorable to the state, not Nelson, and in so doing we find that the record supports each of Nelson's convictions. We therefore reject Nelson's arguments that the evidence was insufficient to support each of his convictions.

## III.

Nelson contends that he was denied his sixth amendment right to confront witnesses against him when the trial judge did not allow him to cross-examine Officer Mattera concerning Mattera's failure to mention in the initial complaint for attempted murder that Nelson fired upon him. The trial court forbade this line of questioning because Mattera did not prepare the complaint himself. The complaint, sworn to and signed by Mattera, stated only that Nelson pointed his gun at Mattera, and Nelson sought to impeach Mattera's trial testimony with this fact.

We first note the limited role of federal courts in examining state court evidentiary rulings on petitions for habeas corpus. "Unless the claimed error amounted to a

---

1. Nelson asserts that this violated his fourteenth amendment right to equal protection under the law, but courts have construed this type of claim to implicate the right to procedural due process, not equal protection. *See* Nowak, Rotunda & Young, Constitutional Law Ch. 16 § 1, p. 587 (1983).

fundamental defect so great that it inherently resulted in a complete miscarriage of justice, the conviction should stand." *Cramer v. Fahner,* 683 F.2d 1376, 1385 (7th Cir.1982). Assuming that the state court erroneously refused to permit Nelson to impeach Officer Mattera with the initial complaint, we nonetheless find that this error did not render Nelson's conviction for attempted murder fundamentally unfair.

On cross-examination, Officer Mattera admitted that he did not mention in his police report that he was fired upon by Nelson and that in a conversation with another officer shortly after the incident he had stated only that Nelson had pointed a gun at him. Thus, Nelson's attorney had already established that Officer Mattera's pre-trial statements differed from his testimony at trial when this further impeachment was prevented. Moreover, as the magistrate noted, the prejudicial effect of disallowing this cross-examination "was significantly lessened by the fact that the judge, as fact-finder, was already aware of the contents of the complaint, was aware of the potentially impeaching nature (by omission) of the complaint, and merely restricted the extent of cross-examination that defense counsel was allowed to pursue." Order, No. 84–3319, July 30, 1985 at 7. Finally, Officer Suchanek and Ingram both testified that Nelson was pointing the gun at Mattera, and Ingram corroborated Mattera's testimony that Nelson fired the gun. Their testimony would not have been affected by the excluded line of questioning. We therefore find that the exclusion of this testimony did not render Nelson's conviction for attempted murder fundamentally unfair.

### IV.

Finally, Nelson complains that rape is a lesser included offense of aggravated kidnapping, and that therefore *Blockburger* prohibits his conviction of both offenses. Illinois law provides that a kidnaper is guilty of aggravated kidnaping when he "commits another felony upon his victim." 38 Ill.Rev.Stats. § 10–2. Thus, under Illinois law a defendant may be convicted of both the felony that is the predicate for the aggravated kidnaping charge and aggravated kidnaping itself. Because the Illinois legislature has specifically authorized this type of cumulative punishment, *Blockburger* does not apply. *See Missouri v. Hunter,* 459 U.S. 359, 368–69, 103 S.Ct. 673, 679–80, 74 L.Ed.2d 535 (1983). Therefore, Nelson's conviction of and sentence for each crime is permissible.

For the reasons stated above, the magistrate's denial of Nelson's petition for habeas corpus is

AFFIRMED.