THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROY L. COX, Defendant-Appellant.

Fifth District   No. 77-447

Opinion filed May 18, 1979.

Michael J. Rosborough and Linda G. Kuecker, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Raymond F. Buckley, Jr., and Gillum Ferguson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Appellant, Roy Cox, appeals from a judgment of the circuit court of Madison county entered on a jury verdict finding him guilty of attempt murder. Defendant was subsequently sentenced to a term of imprisonment of not less than two nor more than six years.

On May 19, 1977, defendant was charged by information as follows:

"Roy L. Cox on the 12th day of March, 1977 at and in the County of Madison, in the State of Illinois, committed the offense of ATTEMPT (MURDER) in that said defendant, with the intent to commit the offense of Murder, in violation of section 9—1(a)(1) of

> Chapter 38, of Illinois Revised Statutes, did perform a substantial step toward the commission of that offense in that he without lawful justification and with the intent to kill Glenn Alexander, shot Glenn Alexander with a gun in violation of paragraph 8—4(a), Chapter 38 * * *."

The charge of attempt murder arose from a shooting incident which occurred at the Tenth and Belle Tavern in Alton, Illinois, on March 12, 1977. Evidence adduced at trial established that there had been previous altercations between the defendant and Glenn Alexander. Testimony also placed defendant in the tavern on the night in question and clearly demonstrated that he fired shots injuring Alexander in the legs and neck. There was varying testimony as to whether four or five shots were fired and at what part of Alexander's body the defendant had aimed, but it is clear that the police recovered four damaged slugs from the bar area.

At the close of the State's case and again at the close of all the evidence, defense counsel moved for a directed verdict of acquittal based upon the State's failure to prove that the defendant had the specific intent to kill Glenn Alexander. The State's instruction No. 9, taken from IPI Criminal No. 7.01, provided as follows:

> "A person commits the crime of murder who kills an individual if, in performing the acts which cause the death,
>
> > [1] he intends to kill or do great bodily harm to that individual; or
> >
> > [2] he knows that such acts will cause death to that individual; or
> >
> > [3] he knows that such acts create a strong probability of death or great bodily harm to that individual."

Defense counsel objected to this instruction on the grounds that it incorporated the general intent murder definition and would allow the jury to convict on lesser evidence than the law requires, that is, a specific intent to kill. This objection was overruled and the State's instruction No. 9 was given. While no specific objection was made to the instruction in defendant's post-trial motion, defense counsel argued at the hearing on the post-trial motion that trial errors broadened the degree of intent necessary to convict on the charge of attempt murder.

The sole issue in this case is whether defendant was denied a fair trial when the trial court instructed the jury that defendant could be found guilty of attempt murder if he either intended to kill or do great bodily harm, or knew that his acts created a strong probability of death or great bodily harm to Glenn Alexander. In *People v. Trinkle* (1977), 68 Ill. 2d 198, 369 N.E.2d 888, the Illinois Supreme Court reversed an attempt murder conviction because the indictment and instruction failed to include the central elements of the specific intent to kill. The indictment in

*Trinkle* charged that defendant performed an act which "created a strong probability of death or great bodily harm," the language of subsection 2 of section 9—1(a) (Ill. Rev. Stat. 1975, ch. 38, par. 9—1(a)), defining the offense of murder. The murder definition included in the instructions also included the language of subsection (2). In explaining the degree of intent necessary to convict a defendant of attempt murder, the court stated:

> "Here, under the terms of the indictment as well as the instructions, the jury could have found the defendant guilty of attempted murder sans specific intent to kill. * * * But the General Assembly has exacted that the defendant must be guilty of an action 'with intent to commit a specific offense' (Ill. Rev. Stat. 1973, ch. 38, par. 8—4(a)), namely, to kill. * * *
>
>         * * *
>
> * * * Attempted murder requires a specific intent to commit murder, not some other offense." 68 Ill. 2d 198, 201-02.

■■ The supreme court's later opinion in *People v. Harris* (1978), 72 Ill. 2d 16, 377 N.E.2d 28, iterated the basic premise of *Trinkle*. Discussing the sufficiency of a jury instruction defining murder, the court noted:

> "Although this instruction follows the language of section 9—1(a)(1) rather than that of section 9—1(a)(2), as in *Trinkle*, it is subject to the same objection that it permits the jury to return a verdict of guilty upon evidence that the defendant intended only to cause great bodily harm short of death. *An instruction must make it clear that to convict for attempted murder nothing less than a criminal intent to kill must be shown.*" (Emphasis added.) 72 Ill. 2d 16, 27.

■■ These cases and their progeny (*People v. Brock* (1978), 64 Ill. App. 3d 64, 380 N.E.2d 1102; *People v. Beverly* (1978), 63 Ill. App. 3d 186, 379 N.E.2d 753; *People v. Lotts* (1978), 63 Ill. App. 3d 240, 380 N.E.2d 66; *People v. Antrim* (1978), 67 Ill. App. 3d 1, 385 N.E.2d 5) make it abundantly clear that the instruction given in this case was erroneous.

■■ We find no merit to the State's argument that *Trinkle* should not be applied retroactively. In addition, we believe this question has been properly preserved for review. Defense counsel made specific objections to the instruction at the conference on jury instructions and challenged the general intent elements of the murder definition in the hearing on defendant's post-trial motion.

For the foregoing reasons the judgment of the circuit court of Madison County is reversed and this cause is remanded for a new trial.

Reversed and remanded.

KARNS and JONES, JJ., concur.